# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSHUA M. PRIEST                      *

Plaintiff                                    *

v                                              *        Civil Action No. RWT-10-1043

FREDERICK COUNTY COMMISSIONERS, *et al.**

Defendants                      *
                                             ***

## MEMORANDUM OPINION

Pending are Defendants' Motions for Summary Judgment. ECF Nos. 12 and 21. Plaintiff was provided with notice of the pending motions and of his right to oppose the motions. ECF Nos. 14 and 22. The Court is in receipt of Plaintiff's opposition. ECF No. 16. For the reasons that follow, summary judgment shall be granted in favor of Defendants.

### Background

Plaintiff, an inmate at Frederick County Adult Detention Center (FCADC) at all times relevant to the Complaint, alleged he was subjected to cruel and inhumane treatment. ECF No. 1. He states his rights were violated when he was charged for needed medical care; the heat in his cell was not turned on, forcing him to suffer physical pain due to extreme cold; he was served cold meals in an unsanitary environment and forced to take showers in unsanitary facilities; he felt at risk of harm due to lack of supervision of inmates and ineffective emergency call buttons; and he was forced to live in an overcrowded facility. Id.

Plaintiff states he suffered mental anguish and physical symptoms because he had to move around to stay warm. Id. He claims that the average cell temperature is 55 degrees, and this caused him to suffer muscle ache and strain from shivering. ECF No. 1.

With respect to his medical care, Plaintiff alleges he had to pay $4.00 simply to be seen

by a nurse and another $4.00 for medication. Id. He states that "most of the time [it's] not even the correct medication." Id.

Plaintiff claims the food served from carts at FCADC is never hot. Id. In addition, he claims the food remains uncovered and unprotected from dirt, germs, and bacteria. He also states that the food servers do not use sneeze-guards and are potentially spreading viruses and bacteria. Id.

Plaintiff asserts that the showers in the cell blocks have a constant supply of shower flies that bite. Id. He further alleges that there is black and brown mold growing on the ceiling and that the paint is bubbling and peeling, causing bacteria and viruses to grow and flourish. Id.

Plaintiff further states that he feels as though he is constant danger as there is no adequate alert system in the event of an emergency. Id. He states that the emergency call buttons inside the cells light a call box outside the cell which is easily overlooked. Id. He states that this leaves him feeling in constant danger and affects him emotionally and mentally. Id.

Lastly, Plaintiff claims that the detention center is overcrowded and certain blocks have only five cells with eighteen people housed on the block, while other blocks have twelve cells with thirty or more people on the block. Plaintiff states this leads to unhealthy living conditions and safety hazards. Id.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Respondeat Superior**

Plaintiff's complaint against Con Med Healthcare Management, Inc. is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. See Love-Lane v. Martin, 355 F. 3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under §1983); see also Trulock v. Freeh, 275 F. 3d 391, 402 (4th Cir. 2001) (no *respondeat superior* liability in a Bivens suit). Liability of supervisory officials must be "premised on 'a recognition that

3

supervisory indifference or tacit authorization of subordinates'' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F. 3d 228, 235 (4th Cir. 2001) (citing Slakan v. Porter, 737 F. 2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Defendant Con Med Healthcare Management, Inc. that resulted in a constitutional injury, and accordingly, his claims against it shall be dismissed.

## Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part:

> (a) Applicability of administrative remedies
>  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional

conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. See Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. See Woodford v. Ngo, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. Id. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

Moore v. Bennette, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Chase, 582 F.Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust,

5

where plaintiff did not appeal his administrative claim through all four stages of the Bureau of Prison's grievance process); Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Defendants assert that Plaintiff filed four inmate grievances during his incarceration at FCADC. Plaintiff filed a complaint on February 17, 2010 against a correctional officer which is not a subject of this law suit. He filed a second grievance on the same date regarding the allegedly ineffective emergency call buttons in the cells. He filed a third grievance on February 26, 2010 regarding unsanitary showers and a final grievance on February 28, 2010 regarding food service. Plaintiff did not file any grievances concerning the lack of heat, payment for medical calls, or overcrowding. ECF No. 12, Ex. 1. Plaintiff signed the grievance form accepting the proposed resolution of the grievance coordinator as to his grievance concerning the food, showers, and emergency call buttons. Id. In accepting the proposed resolution, he did not pursue any of these grievances to the next level, the Division Director. Plaintiff fails to refute the claim that he failed to fully exhaust his administrative remedies as to his claims concerning the showers, food, and call buttons, and that he failed to even initiate the administrative process as to his claims regarding medical care, over-crowding, and the temperature of his cell. Thus, Defendants are entitled to dismissal of all claims.

Accordingly, by separate Order which follows, Defendants' motions shall be granted and judgment shall be entered in their favor.

Date: <u>March 1, 2011</u>　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE